**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **ELAN E. RIOS VALAZQUEZ** | **CIVIL ACTION NO. 1:26-CV-0996** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **D.C. COLE, ET AL.** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Petitioner Elan E. Rios Valazquez,[1] a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. § 2241.[2] Respondents oppose the petition. [Doc. 17]. For reasons below, the Court should deny the petition.

## Background

Petitioner is a citizen of Honduras. [Doc. 1, p. 12]. He entered the United States in September 2014. *Id.* On April 4, 2017, an immigration judge granted Petitioner bond. [*Id.*, p. 13]. Petitioner suggests that he left the United States and re-entered on January 6, 2025, "under advance parole issued by USCIS based on [his] prima facie approved I-360 VAWA petition" and his "pending I-485 application for adjustment of status." [*Id.*, pp. 12-13. Petitioner was taken into immigration custody again on January 3, 2026. [*Id.*, pp. 4, 13]. Petitioner had a bond hearing on February 4, 2026 with the immigration judge denying bond on grounds that Petitioner was a significant flight risk. [Doc. 1, pp. 11, 13; Doc. 1-2, p. 10].

---

[1] Petitioner's "A Number" is 209-767-593.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Petitioner filed this proceeding on approximately March 24, 2026. [Doc. 1, p. 8]. He first claims that the Government violated his right to procedural due process. [*Id.* at 6]. He argues specifically: "The IC denied bond on irrelevant and non-statutory factors that have no connection to flight risk or danger. The IC ignored important evidence . . . ." [*Id.* at 14].

Petitioner next claims that the Government violated his right to substantive due process. [*Id.*, p. 6]. He argues that his "detention serves no legitimate governmental purpose" and "is excessive and punitive[.]" [*Id.* at 15]. He appears to claim that he is entitled to release on bond. [*Id.*, pp. 11-12]. Similar to the previous claim above, he argues that an immigration judge denied bond but relied "on irrelevant factors," disregarded critical evidence, and did not give enough weight to his "strong community ties" and his family ties. [*Id.*] He contends that the immigration court's "decision was arbitrary and unsupported by the record . . . ." [*Id.* at 16]. Petitioner is the "father of two U.S. children," and he has maintained a consistent history of lawful employment. [*Id.* at 13].

Finally, Petitioner claims that he is detained under 8 U.S.C. § 1226(a) and that the immigration judge's decision to deny him bond was arbitrary. [*Id.*, pp. 16-17]. On June 24, 2026, an immigration judge ordered Petitioner removed to Honduras. [Doc. 17-2]. Petitioner did not appeal.[3] Respondents opposed the petition on July 20, 2026. [Doc. 17].

## **Law and Analysis**

### **I. Due Process**

Petitioner seems to claim that his detention without a bond hearing violates 8 U.S.C. § 1226(a), as well as his rights to procedural and substantive due process. Petitioner, however, had a bond hearing. Accordingly, the Court should deny these claims.

[3] https://acis.eoir.justice.gov/en/caseInformation (last visited July 28, 2026).

**II. Bond Hearing**

Again invoking 8 U.S.C. § 1226(a), procedural due process, and substantive due process, Petitioner challenges the immigration judge's decision to deny him bond. As above, he claims that the immigration court "denied bond on irrelevant and non-statutory factors that have no connection to flight risk or danger" and that the immigration judge "ignored important evidence[,]" did not give enough weight to his "strong community ties" and his family ties, and ultimately rendered an arbitrary decision unsupported by the record.

Petitioner maintains that he is detained under 8 U.S.C. § 1226(a). Under Section 1226(a)(2), "the Attorney General . . . may release the alien on" bond. However, under 8 U.S.C. § 1226(e): "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."

Here, consequently, the Court lacks jurisdiction over Petitioner's challenges to the immigration judge's discretionary decision.[4]

---

[4] *See Mol v. Garcia*, 2026 WL 1239308, at *2 (W.D. La. Apr. 20, 2026), *report and recommendation adopted,* 2026 WL 1233408 (W.D. La. May 5, 2026) ("The immigration judge's finding that Mol is a danger to the community is not reviewable in federal court. *See* 8 U.S.C. § 1226(e)[.]"); *Shcherbinin v. Rice*, 2025 WL 3687739, at *2 (W.D. La. Dec. 9, 2025), *report and recommendation adopted,* 2025 WL 3698403 (W.D. La. Dec. 19, 2025) ("Shcherbinin did not convince the immigration judge that he was no danger to the community, so the judge denied release pending a decision on whether Shcherbinin is to be removed from the United States. The Court lacks authority to review this discretionary decision."); *Valles v. De-Anda*, 2026 WL 1232394, at *2 (W.D. Tex. May 5, 2026) ("Because the decision to detain Petitioner without bond was made following an individualized review of the record by an Immigration Judge, the Court finds it is stripped of jurisdiction under 8 U.S.C. § 1226(e) and cannot review Petitioner's claims."); *Fraihat v. Barr*, 790 F. App'x 120, 121 (9th Cir. 2020) ("[H]e challenges the agency's interpretation of his conviction record and asks that we find him not dangerous. That challenge is barred by Section 1226(e).").

**Recommendation**

For the reasons above, **IT IS RECOMMENDED** that Petitioner Elan E. Rios Valazquez's petition for habeas corpus be **DENIED AND DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

In Chambers, Lafayette, Louisiana, this 29th day of July, 2026.

David J. Ayo
United States Magistrate Judge